UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RILEY HICKMAN, ET AL. | CIVIL ACTION |
| VERSUS | NO. 14-0032 |
| EXXON MOBIL CORPORATION, ET AL. | SECTION "L" (5) |

**ORDER & REASONS**

Before the Court is a motion to remand by Plaintiffs Deborah, Belinda, Daniella, and Samantha Hickman, all on behalf of deceased Plaintiff Riley Hickman (Rec. Doc. 19). The Court, having considered the memoranda and the applicable law, and having heard oral argument, now issues this order.

**I.    BACKGROUND**

This action was initially filed in the 32nd Judicial District Court for the Parish of Terrebonne and the Defendants removed to this Court. Soon after, the Hickmans filed a motion to remand on the basis that several nondiverse parties, including Defendant Sunset Petroleum Company, prevented this Court from exercising diversity jurisdiction. After finding that Sunset had not been fraudulently joined, this Court granted the motion and remanded the case.

On November 22, 2014, the 32nd Judicial District Court dismissed Sunset, with prejudice, and a judgment was entered on December 5, 2013. On January 3, 2014, the Hickmans filed a writ application with the Louisiana Court of Appeal for the First Circuit. On January 6, 2014, the Defendants removed once more. On March 24, 2014, the Louisiana First Circuit granted the writ and ordered that an appeal be filed prior to April 23, 2014.

**II.     PRESENT MOTION**

The Hickmans now move to remand this action (Rec. Doc. 19), contending that removal was premature and prohibited by the voluntary-involuntary rule. The Defendants, in turn, argue that the removal is not premature and that an exception to the voluntary-involuntary rule applies in this instance.

**III.    LAW & ANALYSIS**

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* § 1441(a). "If jurisdiction is based on diversity of citizenship, however, the action is removable only if there is complete diversity and 'none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531–32 (5th Cir. 2006) (quoting 28 U.S.C. § 1441(b)). If, as here, an action was not initially removable but later becomes removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The removing party bears the burden of establishing that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Further, any ambiguities are construed against removal and in favor of remand, because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

However, the judicially-created voluntary-involuntary rule dictates that "'an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff.'" *Crockett*, 436 F.3d at 532 (quoting *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545,

2

547 (5th Cir. 1967)). The rule "prevents removal of those cases in which the issue of the [nondiverse] defendant's dismissal has not been *finally* determined in the state courts," and thus "avoids the duplication and expense which would result if a [nondiverse] defendant was dismissed on an appealable ground, . . . was permitted to remove, and the plaintiff then obtained a reversal of the dismissal in the state appellate courts." *Weems*, 380 F.2d at 546 (emphasis added). Generally, a dismissal "is not final [if] it is appealable in the state courts." *Id*. at 458.

Here, it is necessary to determine whether Sunset's dismissal was voluntary. On November 22, 2014, the 32nd Judicial District Court dismissed Sunset, with prejudice, and a judgment was entered on December 5, 2013. On January 3, 2014, the Hickmans filed a writ application with the Louisiana First Circuit. On March 24, 2014, that court granted the writ "for the limited purpose of remanding the case to the trial court with instructions to grant plaintiff an appeal" and requiring that such an appeal be made by April 23, 2014. *Hickman v. Exxon Mobil Corp.*, No. 2014-CW-0007, at 1 (La. Ct. App. 1st Mar. 24, 2014). Sunset's dismissal did not occur by any voluntary act of the Hickmans and has not become final. Thus, removal of this action is barred by the voluntary-involuntary rule.

However, it is also necessary to consider the exception to the voluntary-involuntary rule "where a claim against a nondiverse or in-state defendant is dismissed on account of fraudulent [or improper] joinder."[1] *Id.* With regard to fraudulent joinder, a nondiverse defendant is considered to have been fraudulently joined if the plaintiff would be unable "to establish a cause

---

[1] The exception to the voluntary-involuntary rule has been expanded to include both fraudulent and improper joinder. The Fifth Circuit explains:

> The fraudulent joinder exception to the voluntary-involuntary rule is designed to prevent plaintiffs from blocking removal by joining nondiverse and/or in-state defendants who should not be parties. That salutary purpose is also served by recognizing an exception to the voluntary-involuntary rule where defendants are improperly, though not fraudulently, joined. . . .

*Crockett*, 436 F.3d at 533.

of action against [it] in state court."[2] *Id*. This Court has previously held that the "Defendants have . . . failed to carry their heavy burden in attempting to show that the Plaintiff fraudulently joined Sunset Petroleum, Inc." *Hickman v. Exxon Mobil Corp.*, No. 13–0351, 2013 WL 2435005, at *2 (E.D. La. June 4, 2013). The law-of-the-case doctrine strongly suggests that the resolution of a previously decided issue "should continue to govern the same issue in subsequent stages in the same case." *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (internal quotation marks omitted). Because the issue of whether Sunset was fraudulently joined has already been decided by this Court, it is not necessary to decide it again now.

With regard to improper joinder, a nondiverse defendant is considered to have been improperly joined if "'a right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences'" has not been "'asserted against them jointly, severally, or in the alternative'" and there is not "'any question of law or fact common to all defendants [that] will arise in the action.'" *Id*. at 533 (quoting FED. R. CIV. P. 20(a)). Here, there is nothing to suggest that Sunset was improperly joined. Instead, it appears to have been dismissed on exceptions of insufficiency of citation and service of process. (Rec. Doc. 1-36 at 38). This reason for dismissal is more closely related to whether a plaintiff has established a cause of action against a defendant in state court, which is addressed under the fraudulent joinder inquiry. As noted above, this Court has previously found that the Hickmans were able to establish a cause of action against the Defendants in state court. Although the state court's reached a different conclusion, that alone is not dispositive—especially given the pending appeal. Thus, because Sunset was neither fraudulently nor improperly joined, the exception to the voluntary-involuntary rule does not apply and the matter must be remanded.

---

[2] Although not applicable here, fraudulent or improper joinder is also established if there was actual fraud in the pleading of jurisdictional facts. *Crockett*, 436 F.3d at 532

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that the Hickmans' motion to remand (Rec. Doc. 19) is **GRANTED** and the action is **REMANDED.**

New Orleans, Louisiana, this 3rd day of April, 2014.

*[signature: Eldon E. Fallon]*

_____
UNITED STATES DISTRICT JUDGE